IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOBBY JAMES WILLIAMS,

        Plaintiff,                    No. CIV S-11-0055 GGH P

    vs.

BPH DEPUTY COMMISSIONER, et al.,

        Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has paid the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff's Claims

Plaintiff seeks declaratory and injunctive relief based on the alleged constitutional violations that occurred at his July 7, 2008 parole hearing before the California Board of Parole ("Board"). Plaintiff states that he was eligible for parole release as of July 7, 2008, that the

Board knew of his parole eligibility, and that the Board "added to Plaintiff's parole period an indeterminant [sic] 'psychiatric parole revocation.'" (Cmplt. at 10.)  However, a record of plaintiff's July 7, 2008 hearing attached to the complaint as Exhibit A indicates that plaintiff is a life prisoner with a minimum eligible parole date of February 4, 2055. (Cmplt., Ex. A at 25.)  An attached abstract of judgment dated September 24, 1997 similarly indicates that, although plaintiff's sentence was modified by the court of appeal, his sentence post-modification was a term of 60 years to life. (Cmplt., Ex. A at 29.)

At any rate, taking plaintiff's allegations at face value, plaintiff claims that the Board "revoked" his parole without affording him the minimal protections of due process.  For example, plaintiff claims that, while he was permitted to attend the hearing, he did so "totally without a voice"; that he had no attorney present; that he was not provided an independent mental health professional to assess his mental state prior to his parole being revoked; and that he was not provided with transcripts or documentation of the Board's decision.  (Cmplt. at 10-11.)  Plaintiff also alleges he was denied basic procedural protections such as the disclosure of evidence against him, the right to confront and cross-examine adverse witnesses, and a neutral hearing body.  (Id. at 13-16.)  Plaintiff seeks no monetary relief, but seeks a declaration that "he must be afforded with procedural protection and safeguards" prior to having his parole revoked for reasons of mental illness.  (Id. at 17.)

Discussion

The main issue here is whether plaintiff may seek a remedy for the alleged constitutional violations under § 1983, or whether he must bring a federal habeas action.

When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983, and the prisoner's sole federal remedy is a petition for a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583,

586 (9th Cir.1995) (per curiam).  Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding.  See Edwards v. Balisok, 520 U.S. 641, 646, 117 S.Ct. 1584 (1987) (holding that § 1983 claim not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction); Heck v. Humphrey, 512 U.S. 477, 483-84, 114 S.Ct. 2364 (1994) (concluding that § 1983 not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing).  If a § 1983 complaint states claims which sound in habeas, the court should not convert the complaint into a habeas petition.  See id.; Trimble, 49 F.3d at 586.  Rather, such claims must be dismissed without prejudice and the complaint should proceed on any remaining cognizable § 1983 claims.  See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49 F.3d at 585.

However, the Supreme Court has recently reaffirmed that federal habeas relief is not "the sole remedy, or even an available one, where the relief sought would 'neither terminat[e] custody, accelerat[e] the future date of release from custody, nor reduc[e] the level of custody." Skinner v. Switzer, --- S.Ct. ----, 2011 WL 767703 *8 (Mar. 7, 2011), citing Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242 (2005).  In Wilkinson, the Supreme Court allowed to proceed a civil rights action challenging the procedures used to determine when an inmate could be reviewed for parole.  Success on the claim would, at most, have resulted in changed procedures which would hasten consideration of parole, but not necessarily imply the invalidity of the earlier parole determination under the prior procedures.  See also Skinner, supra, at *8

(holding that plaintiff "properly invoked § 1983 [as] [s]uccess in his suit for DNA testing would not 'necessarily imply' the invalidity of his conviction.").

Upon examination, the court finds plaintiff's claim substantially similar to a claim in Wilkinson which the Supreme Court held to be cognizable under § 1983. See Wilkinson, supra, 544 U.S. at 77 (plaintiff may assert claim under § 1983 where he "alleges that the parole board's proceedings (by having too few members present and by denying him an adequate opportunity to speak) violated the Constitution's Due Process Clause" and his "complaint seeks a new parole hearing conducted under constitutionally proper procedures and an injunction ordering the State to comply with constitutional due process and ex post facto requirements in the future.").[1] This similarity suggests that plaintiff's claim is cognizable under § 1983.

Moreover, the fact that plaintiff may be challenging some form of civil commitment for mental illness rather than a simple denial of parole, does not appear to change the outcome, as civil commitments – like parole denials – are typically challenged in habeas proceedings. See Duncan v. Walker, 533 U.S. 167, 176, 121 S.Ct. 2120 (2001) (stating that a state court order of civil commitment satisfies section 2254's "in custody" requirement); Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005) ("[D]etainees under an involuntary

---

[1] In contrast, some years earlier, the Ninth Circuit had

> no difficulty in concluding that a challenge to the procedures used in the denial of parole necessarily implicates the validity of the denial of parole and, therefore, the prisoner's continuing confinement. See Elliott v. United States, 572 F.2d 238, 239 (9th Cir.1978) (challenge to parole board's reliance on inaccurate information appropriately brought as a petition for a writ of habeas corpus). Few things implicate the validity of continued confinement more directly than the allegedly improper denial of parole. This is true whether that denial is alleged to be improper based upon procedural defects in the parole hearing or upon allegations that parole was improperly denied on the merits."

Butterfield, supra, 120 F.3d at 1024. To the extent that Wilkinson and Butterfield are difficult to reconcile, this court is bound by the subsequent decision of the higher court.

civil commitment scheme ... may use a § 2254 habeas petition to challenge a term of confinement."). However, as in Wilkinson, plaintiff is not challenging the fact of his commitment, but claims he merely wants a hearing that complies with constitutional due process requirements. Thus, the undersigned concludes that plaintiff's claims are cognizable under § 1983.

> The Civil Rights Act under which this action was filed provides as follows:
>
> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). Plaintiff names two defendants: the Board of Prison Hearing Deputy Commissioner and Board Representative Daniel Moeller. The first of these defendants is not sufficiently identified so as to effect service on him; thus any claims as to him must be dismissed. However, plaintiff will have an opportunity to amend the complaint to identify this individual defendant.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not

sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's claims against BPH Deputy Commissioner are dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this Order.  Failure to file an amended complaint may result in a recommendation that this defendant be dismissed from this action.

2. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

3.  Plaintiff's motion to revoke consent (Doc. #4) is GRANTED.

4. The Clerk of Court shall assign a district judge to this action.

DATED: March 14, 2011

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:014
will055.B1.nf