IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOBBY JAMES WILLIAMS,

      Plaintiff,                      No. 2:11-cv-0055 KJM GGH P

    vs.

DANIEL MOELLER,

      Defendant.                ORDER

_____/

        On April 6, 2012, defendant Daniel Moeller filed a motion a motion for summary judgment pursuant to Fed. R. Civ. P. 56. Plaintiff was previously informed of the requirements for opposing a motion for summary judgment, see Doc. No. 11, and has in fact filed opposition to the motion. See Doc. No. 24. However, in light of the recent decision of the Court of Appeals for the Ninth Circuit in Woods v. Carey, – F.3d –, 2012 WL 2626912 (9th Cir. July 6, 2012), the court will again inform plaintiff of the requirements for opposing a motion for summary judgment pursuant to Fed. R. Civ. P. 56, as articulated in Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

        A motion for summary judgment made pursuant to Fed. R. Civ. P. 56 is a request for an order for judgment in favor of the defendant without trial. A defendant's motion for

1

1  summary judgment will set forth the facts that the defendant contends are not reasonably subject
2  to dispute and that entitle the defendant to judgment.  To oppose a motion for summary
3  judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in one or more of
4  the following ways.  Plaintiff may rely on plaintiff's statements made under penalty of perjury in
5  the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated
6  and plaintiff specifies those parts of the complaint on which plaintiff relies.  Plaintiff may serve
7  and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove
8  plaintiff's claims; the person who signs an affidavit or declaration must have personal
9  knowledge of the facts stated.  Plaintiff may rely on written records, but plaintiff must prove that
10 the records are what plaintiff asserts they are.  Plaintiff may rely on all or any part of the
11 transcript of one or more depositions, answers to interrogatories, or admissions obtained in this
12 proceeding.  If plaintiff fails to contradict the defendant's evidence with counter-affidavits or
13 other admissible evidence, the court may accept defendant's evidence as true and grant the
14 motion.  If there is some good reason why such facts are not available to plaintiff when required
15 to oppose a motion for summary judgment, the court will consider a request to postpone
16 consideration of the defendant's motion.  See Fed. R. Civ. P. 56(d).  If plaintiff does not serve
17 and file a written opposition to the motion, or a request to postpone consideration of the motion,
18 the court may consider the failure to act as a waiver of opposition to the defendant's motion.  See
19 L.R. 230(l).  If the court grants the motion for summary judgment, whether opposed or
20 unopposed, judgment will be entered for the defendant without a trial and the case will be closed
21 as to that defendant.  Unsigned affidavits or declarations will be stricken, and affidavits or
22 declarations not signed under penalty of perjury have no evidentiary value.
23         In light of this notice, plaintiff may wish to supplement his previously-filed
24 opposition, though he is not required to do so.  Plaintiff will be provided with 21 days within
25 which to file any additional submissions, if he chooses to do so.  No extensions will be provided.
26 /////

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall have 21 days from the filing date of this order to supplement his opposition, if he chooses to do so. No extensions shall be provided.

DATED: July 11, 2012

                                   /s/ Gregory G. Hollows
                                  UNITED STATES MAGISTRATE JUDGE

ggh:rb
will0055.rand