IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOBBY JAMES WILLIAMS,

    Plaintiff,                    No. 2:11-cv-0055 KJM GGH P

    vs.

DANIEL MOELLER,

    Defendant.                 ORDER

/

        On April 6, 2012, defendant Daniel Moeller filed a motion a motion for summary judgment pursuant to Fed. R. Civ. P. 56. Plaintiff was previously informed of the requirements for opposing a motion for summary judgment, <u>see</u> Doc. No. 11, and has in fact filed opposition to the motion. <u>See</u> Doc. No. 24. However, in light of the recent decision of the Court of Appeals for the Ninth Circuit in <u>Woods v. Carey</u>, – F.3d –, 2012 WL 2626912 (9th Cir. July 6, 2012), the court will again inform plaintiff of the requirements for opposing a motion for summary judgment pursuant to Fed. R. Civ. P. 56, as articulated in <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988).

        A motion for summary judgment made pursuant to Fed. R. Civ. P. 56 is a request for an order for judgment in favor of the defendant without trial. A defendant's motion for

1

summary judgment will set forth the facts that the defendant contends are not reasonably subject to dispute and that entitle the defendant to judgment.  To oppose a motion for summary judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in one or more of the following ways.  Plaintiff may rely on plaintiff's statements made under penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies those parts of the complaint on which plaintiff relies.  Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated.  Plaintiff may rely on written records, but plaintiff must prove that the records are what plaintiff asserts they are.  Plaintiff may rely on all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.  If plaintiff fails to contradict the defendant's evidence with counter-affidavits or other admissible evidence, the court may accept defendant's evidence as true and grant the motion.  If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone consideration of the defendant's motion.  See Fed. R. Civ. P. 56(d).  If plaintiff does not serve and file a written opposition to the motion, or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion.  See L.R. 230(l).  If the court grants the motion for summary judgment, whether opposed or unopposed, judgment will be entered for the defendant without a trial and the case will be closed as to that defendant.  Unsigned affidavits or declarations will be stricken, and affidavits or declarations not signed under penalty of perjury have no evidentiary value.

       In light of this notice, plaintiff may wish to supplement his previously-filed opposition, though he is not required to do so.  Plaintiff will be provided with 21 days within which to file any additional submissions, if he chooses to do so.  No extensions will be provided.

/////

1 Accordingly, IT IS HEREBY ORDERED that Plaintiff shall have 21 days from
2 the filing date of this order to supplement his opposition, if he chooses to do so.  No extensions
3 shall be provided.

4 DATED: July 11, 2012

5    /s/ Gregory G. Hollows
   UNITED STATES MAGISTRATE JUDGE

ggh:rb
will0055.rand